PER CURIAM.
The State of Florida appeals an order granting a motion to suppress physical evidence seized from a parked vehicle occupied by appellee, Ernest Holloman. We agree with the state that police officers may order a driver and passengers out of a lawfully stopped automobile pending completion of the stop, even though the officers may not have a reasonable suspicion of criminal activity. See Pennsylvania v. Mimms, 434 U.S. 106, 111 n. 6, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977). Here, however, there was no stop of the appel-lee’s vehicle, because, as the police officer admitted, it was lawfully parked in a public place. Further, in granting the suppression motion, the trial court found, and the record contains competent substantial evidence to support, that “there has been no particularized and objective basis shown for a founded suspicion of criminal activity on which to base the seizure.” Thus, the order to suppress is affirmed. See Popple v. State, 626 So.2d 185, 188 (Fla.1993)(hold-ing that a police officer’s direction for occupant of a legally parked vehicle to exit his vehicle was a seizure requiring reasonable suspicion).
AFFIRMED.
MINER, WOLF and VAN NORTWICK, JJ., concur.